831 F.2d 989
 126 L.R.R.M. (BNA) 2980
 Constance HEALY, as Personal Representative of the Estate of
John Healy, deceased, Plaintiff-Appellant, Cross-Appellee,
v.
TOWN OF PEMBROKE PARK, a Florida municipality, Gerald J.
Yourman, Benjamin Linet, Helen Lofland, James
Crocco and Daniel D. Weekley,
Defendants-Appellees,
Cross-Appellants.
Stanley L. FROST, Plaintiff-Appellant, Cross-Appellee,
v.
TOWN OF PEMBROKE PARK, a Florida municipality, Gerald J.
Yourman, Benjamin Linet, Helen Lofland, James
Crosso, and Daniel D. Weekley,
Defendants-Appellees,
Cross-Appellants.
Joseph M. BROWN, Plaintiff-Appellant, Cross-Appellee,
v.
TOWN OF PEMBROKE PARK, a Florida municipality, Gerald J.
Yourman, Benjamin Linet, Helen Lofland, James
Crocco and Daniel D. Weekley,
Defendants-Appellees,
Cross-Appellants.
Jesse POLITI, Plaintiff-Appellant, Cross-Appellee,
v.
TOWN OF PEMBROKE PARK, a Florida municipality, Gerald J.
Yourman, Benjamin Linet, Helen Lofland, James
Crocco and Daniel D. Weekley,
Defendants-Appellees, Cross-Appellants.
 Nos. 86-5502 to 86-5505.
 United States Court of Appeals,
Eleventh Circuit.
 Nov. 5, 1987.
 
 1
 Jeffrey A. Sarrow, Plantation, Fla., for plaintiffs-appellants.
 
 
 2
 Harold D. Smith, Hollywood, Fla., Michael T. Burke, Fleming, O'Bryan & Fleming, Ft. Lauderdale, Fla., for defendants-appellees.
 
 
 3
 Appeals from the United States District Court for the Southern District of Florida.
 
 
 4
 Before RONEY, Chief Judge, VANCE, Circuit Judge, and PITTMAN*, Senior District Judge.
 
 PITTMAN, Senior District Judge:
 
 5
 This is an appeal in a civil rights action instituted by four policemen against the Town of Pembroke Park (Town), the municipality where they were formerly employed; Yourman, the Mayor of the Town, and four Town Commissioners. There are several issues presented which should be analyzed. The first question is whether the district court correctly granted summary judgment on the issue of damages in favor of the Town after finding Sec. 1983 liability based upon the Town's actions. We next consider whether the district court erred in granting the Town's mayor and commissioners' Motion to Dismiss on grounds of absolute legislative immunity. The third and last issue is whether the district court properly denied the plaintiffs an award of attorneys' fees after the court entered summary judgment against the Town on the Sec. 1983 action.
 
 BACKGROUND
 
 6
 In October, 1978, the plaintiff policemen agreed to have the Fraternal Order of Police (FOP), a labor organization, as their representatives. In October, 1979, the Town signed a collective bargaining agreement (CBA) with the FOP. The term of the contract was from October 1, 1979 to September 30, 1980. According to the plaintiff's complaint, several disputes arose during that period concerning the interpretation and application of the CBA. The plaintiffs contend that as a result of these disputes all of the defendants developed "hostile, hateful and vengeful attitudes toward the plaintiffs' labor organization." They allege the Town refused to grant grievances or to process them properly. The Town and the mayor would not negotiate a new CBA and informed the FOP that it was considering a contract with an outside agency for police services. On July 9, 1980, the commissioners voted to contract with the Broward County Sheriff for police services for the Town. The contract went into effect on October 1, 1980. The day before, September 30, 1980, the plaintiffs were discharged.
 
 
 7
 The FOP filed Unfair Labor Practice charges on September 10, 1980, with the State of Florida Public Employees Relations Commission (PERC). They charged violations of Florida Statute Sec. 447.501(1)(a), (b) and (c), alleging that the Town refused to meet with FOP representatives to negotiate a successor collective bargaining agreement and by unilaterally, and in response to the employees' protected activities, contracting out their work so as to avoid bargaining and otherwise dealing with the FOP. PERC found that the charge was sufficient and ordered the Town to file an answer on or before October 8, 1980. An evidentiary hearing on the charge was scheduled for October 30, 1980. No answer to the charge had been filed by October 14, 1980, and PERC issued an order directing the Town to show cause within ten days why its failure to answer should not be deemed an admission of the material facts contained in the charge. The Town failed to demonstrate that good cause existed to justify its failure to file an answer. As a result, the facts were deemed admitted. PERC concluded inter alia that "By entering into a contract for police services with the Sheriff of Broward County on July 9, 1980, to avoid bargaining collectively and otherwise dealing with the FOP, to avoid entering into a new collective bargaining agreement with the FOP, to discourage membership in the FOP, and to retaliate against the FOP and its members for having filed grievances against the Town, the Town engaged in an unfair labor practice within the meaning of Section 447.501(1)(a) and (b) Florida Statutes 1979." PERC ordered full reinstatement and back pay. The Town's appeal of PERC's order to the state courts were futile.
 
 DAMAGES
 
 8
 Although the appellants received reinstatement and back pay in earlier proceedings before PERC, when they filed their Sec. 1983 action in the district court below they requested further relief in the form of compensatory and punitive damages, as well as attorneys' fees. The district court, in denying their requested relief, found that the plaintiffs' damages had been reasonably determined elsewhere in the form of compensatory back pay awarded by PERC, and that "the parties are best served by a rejection of any further litigation to secure additional damages in that substantial damages have been previously sought and determined by due process within the state system." Healy v. Town of Pembroke Park, 643 F.Supp. 1208, 1217 (S.D.Fla.1986). We are compelled to find that the district court erred.
 
 
 9
 The appellants contend that the district court misapplied the doctrine of administrative res judicata to the issue of compensatory damages. Under res judicata "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980). The issue here turns on the phrase "or could have been raised." The appellants argue that they simply did not have the opportunity, nor would they have been allowed to litigate their claims for compensatory damages for mental suffering and emotional anguish before the state administrative tribunal.
 
 
 10
 PERC was created by statute and its powers, as well as the limitations placed upon these powers, are described in Florida Statute Sec. 447.503. Its jurisdiction is defined in Sec. 447.503(6)(a) as follows:
 
 
 11
 (6)(a) If, upon consideration of the record in the case, the Commission finds that an unfair labor practice has been committed, it shall issue and cause to be served an Order requiring the appropriate party or parties to cease and desist from the unfair labor practice and take such positive action including reinstatement of employees with or without back pay as will best implement the general policies expressed in this part.
 
 
 12
 It is clear on a review of this statute that PERC lacks the jurisdiction and power to award either compensatory damages for mental anguish, and emotional distress or punitive damages. All such damages are available to a prevailing Sec. 1983 plaintiff. Carey v. Piphus, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978). However, punitive damages are not available under Sec. 1983 against the Town, the only remaining defendant. Kentucky v. Graham, 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); Newport v. Fact Concerts, Inc., 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981).
 
 
 13
 In the Eleventh Circuit it is well settled that res judicata will not operate to bar matters which were not raised before an administrative agency and over which it did not have jurisdiction. The court in Olmstead v. Amoco Oil, 725 F.2d 627 (11th Cir.1984), while holding that it was not applicable to their facts, reaffirmed this principle as follows:
 
 
 14
 If the court of the first proceeding is unable to adjudicate certain claims for jurisdictional reasons, then those claims are not barred in a subsequent suit. Judicial finality--the predicate for res judicata--arises only from the final decision rendered after the parties have been given a reasonable opportunity to litigate a claim before a court of competent jurisdiction.
 
 
 15
 The appellees would argue that the aforementioned exception to the effects of res judicata does not apply. They contend that the appellants' argument is invalid, in that it ignores the fact that the appellants' inability to obtain the requested form of relief stemmed from their theory of recovery rather than any jurisdictional bar to recovering damages.
 
 
 16
 The appellees note initially as significant the fact that the prior proceedings involved here were not confined to PERC but also involved actions commenced in the Florida state courts. After the entry of the original March 12, 1981 PERC order, the appellants initiated an action in state court of general jurisdiction to enforce the PERC order. While it is true that the appellants faced no bar in bringing their Sec. 1983 action in state court because federal courts' jurisdiction is not exclusive over such claims, See Martinez v. California, 444 U.S. 277, 283 n. 7, 100 S.Ct. 553, 557 n. 7, 62 L.Ed.2d 481 (1980), it is important to note that the appellants brought their action before an administrative agency of limited jurisdiction and only went to the state court in order to obtain enforcement of PERC's order.
 
 
 17
 The appellees contend that a similar case out of the Delaware courts, Meding v. Hurd, 607 F.Supp. 1088 (D.C.Del.1985), supports their position that the appellants should be barred from recovering compensatory damages in this action. In Meding a former chief of police brought a state court action to recover damages for wrongful termination, which eventually resulted in a judgment against the town that he sued. The former chief subsequently filed a Sec. 1983 action in federal court. Although he was not permitted to recover damages for mental anguish in the prior state court action, the court in Meding held that the chief of police was precluded from seeking any additional compensatory damages, including damages for mental anguish, against the town in the subsequent federal court action. In a footnote, the trial judge explained the reasons for the claim preclusion as follows:
 
 
 18
 Although the plaintiff attempts to obtain damages for mental anguish in his state court proceeding ... his inability to obtain the requested form of relief stemmed from theory of recovery advanced by plaintiff rather than any bar to recovering damages for mental suffering per se in superior court. Thus plaintiff's present efforts to obtain relief that was readily available is foreclosed by claim preclusion.
 
 
 19
 607 F.Supp. at 1099, n. 12.
 
 
 20
 Thus, the appellees argue that the appellant police officers' inability to recover intangible damages in the prior administrative and state court proceedings results from the theory of recovery advanced and not any jurisdictional bar to the recovery of the same. They further contend that the appellants had the opportunity to assert a Sec. 1983 claim and seek recovery of intangible damages during the state court action to enforce the PERC order and, therefore, the appellants' attempts to obtain relief here is foreclosed by claim preclusion.
 
 
 21
 The court does not find this argument persuasive. Congress realized in enacting Sec. 1983 that it was altering the balance of judicial power between the state and federal courts, and in doing so it was adding to the jurisdiction of the federal courts, not subtracting from that of the state courts. Allen v. McCurry, 449 U.S. 90, 99, 101 S.Ct. 411, 417, 66 L.Ed.2d 308 (1980). The federal remedy is supplemental to the state remedy. Monroe v. Pape, 365 U.S. 167, 183, 81 S.Ct. 473, 481, 5 L.Ed.2d 492 (1961). As stated in Monell v. Department of Social Services of City of New York, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978):
 
 
 22
 ... moreover, there can be no doubt that Sec. 1 of the Civil Rights Act was intended to provide a remedy, to be broadly construed, against all forms of official violation of federally protected rights.
 
 
 23
 436 U.S. at 700, 98 S.Ct. at 2041.
 
 
 24
 Therefore, the court finds that given the intent of broad constructions and expansive use of Sec. 1983 and its attendant remedies, it must be concluded that the limited state administrative remedies which were made available to the plaintiffs as a result of the unfair labor practice charge filed by their union, does not restrict or preclude their attempt to become whole by seeking additional damages in the federal forum.
 
 LEGISLATIVE IMMUNITY
 
 25
 In Tenney v. Brandhove, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019 (1951), the Supreme Court recognized absolute immunity from suit under 42 U.S.C. Sec. 1983 for state legislators. Lake Country Estates, Inc. v. Tahoe Regional Planning Agency, 440 U.S. 391, 99 S.Ct. 1171, 59 L.Ed.2d 401 (1979), extended this absolute immunity from suit under Sec. 1983 to regional legislators. The Fifth Circuit in Hernandez v. City of Lafayette, 643 F.2d 1188, 1193 (5th Cir. May 1, 1981) (Unit A), took Lake Country Estates one step further and held that local legislators are entitled to absolute immunity from suit under Sec. 1983 for conduct in the furtherance of their legislative duties. Another Fifth Circuit case, Marrero v. City of Hialeah, 625 F.2d 499, 508 (5th Cir.1980), cert. denied, 450 U.S. 913, 101 S.Ct. 1353, 67 L.Ed.2d 337 (1981), held that "it is the official function that determines the degree of immunity required, not the status of the acting officer." An Eleventh Circuit case decided in 1982 followed Hernandez and discussed what this circuit considered to qualify as legislative activity. In Espanola Way Corp. v. Meyerson, 690 F.2d 827 (11th Cir.1982), the court held that:
 
 
 26
 the absolute immunity inquiry becomes one of whether the Commissioners in the instant case were engaging in legislative activity. In the cases finding absolute immunity, the legislative function has involved actions such as the vetoing of an ordinance passed by the city's legislative body, Hernandez, 643 F.2d 1188, and the examining of a plaintiff before a legislative committee, Tenney, 341 U.S. 367, 71 S.Ct. 783. Hernandez also noted that the vote of a city councilman constitutes an exercise of legislative decision making.
 
 
 27
 690 F.2d at 829.
 
 
 28
 The Third Circuit held that municipal mayors are immune from damage claims under Sec. 1983 when acting in a legislative capacity. Aitchison v. Raffiani, 708 F.2d 96 (3d Cir.1983).
 
 
 29
 In granting the defendant's motion to dismiss on grounds of absolute immunity, the court below in Healy v. Town of Pembroke Park, 643 F.Supp. 1208 (S.D.Fla.1986) held that:
 
 
 30
 In this case, we find that there is no question of fact but that the deprivation, the termination of Plaintiffs' jobs as policemen, occurred as a result of the deliberations and vote by the Mayor and Town Commissioners to contract out their police services to the Broward County Sheriff's Office. The record in this cause contains allegations that the Mayor and the individual Commissioners made anti-union statements to various policemen and other residents of the Town. Nevertheless, we find that to use these allegations to penetrate the shield of absolute immunity would create a deterrent to the fact-finding and decision-making duty of local legislators. Whatever the discussion with Town residents, whether privately or at workshop-type meetings on the subject, the result was the vote on how to provide police services for the Town. We find that under the facts alleged, the Mayor and the Commissioners were acting in a legislative capacity and are thus immune from Sec. 1983 personal liability.
 
 
 31
 643 F.Supp. at 1214 (emphasis added).
 
 
 32
 This court is in agreement with the district court and will affirm on the issue of absolute immunity for these individuals.ATTORNEYS' FEES
 
 
 33
 In its order of May 29, 1986, the district court below entered summary judgment in favor of the appellants with respect to their Sec. 1983 claims against the appellee, Town. Nevertheless, the court did not award attorneys' fees pursuant to 42 U.S.C. Sec. 1988 because it also ruled that "although the plaintiffs have been successful here on some issues they have not prevailed in terms of a monetary award." Healy at 1217. However, this court has determined that the district court erred in its rationale concerning the availability of compensatory damages in that proceeding. Therefore, the district court erroneously relied upon Webb v. Board of Education of Dyer County, 471 U.S. 234, 105 S.Ct. 1923, 85 L.Ed.2d 233 (1985).
 
 
 34
 Webb does not bar recovery of reasonable attorneys' fees pursuant to 42 U.S.C. Sec. 1988 relative to such additional damages as may be awarded in the federal court civil rights action.
 
 
 35
 The appellants are not entitled to recover attorneys' fees for time expended in the prosecution of the state proceedings nor for the district court's action in stating liability had been established in the Sec. 1983 case by the state court proceedings. At this stage, the plaintiff has not obtained any relief on the merits of his Sec. 1983 claim. See Hewitt v. Helms, --- U.S. ----, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987). Helms had obtained an interlocutory ruling that his complaint should not have been dismissed. Ultimately, he received no relief. The court stated, "... requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail.... The most that he obtained was an interlocutory ruling that his complaint should not have been dismissed...."
 
 
 36
 On remand, the district court is to award plaintiffs reasonable attorneys' fees only for any additional damages that may be awarded.
 
 
 37
 On cross-appeal, the appellee, Town, asserts the district court erred in granting appellants' motion on that portion of the summary judgment relating to the Town's claim that a default judgment in state court cannot be utilized for offensive collateral estoppel in a separate lawsuit on a different cause of action, nor can the state court action preclude the Town from asserting a Mt. Healthy defense in a Sec. 1983 action. After a thorough review of the district court's Findings of Fact and Conclusions of Law, we conclude that the district court adequately addressed these two claims. We do not find error in the district court's conclusions. We affirm on the cross-appeal.
 
 
 38
 In summary, the district court is REVERSED for incorrectly granting summary judgment on the issue of damages in favor of the Town after finding Sec. 1983 liability based upon the Town's actions, and is REMANDED pursuant to the above instructions. The district court is AFFIRMED in holding that the Town's mayor and commissioners are entitled to absolute legislative immunity. The district court is AFFIRMED in granting summary judgment on the issues raised in the Town's cross-appeal. The district court is AFFIRMED on denying attorneys' fees for attorneys' work in the state court.
 
 
 
 *
 Honorable Virgil Pittman, Senior U.S. District Judge for the Southern District of Alabama, sitting by designation