**Bertram DRAYTON**

v.

**The MAYOR AND COUNCIL OF ROCKVILLE.**

Civ. No. S 87–2030.

United States District Court, D. Maryland.

Nov. 30, 1988.

Albert D. Brault and Regina A. Casey, Brault, Graham, Scott & Brault, Rockville, Md., for plaintiff.

Stanley Mazaroff and Francis R. Laws, Venable, Baetjer and Howard, Baltimore, Md., for defendant.

## MEMORANDUM

SMALKIN, District Judge.

This suit arose from the elimination of plaintiff's job as the director of Community Resources for the City of Rockville, pursuant to a resolution of the Mayor and City Council eliminating that position and its funding as part of a reorganization plan. The resolution was enacted by the Mayor and City Council as part of the budgeting process of June 9, 1986, and the position was eliminated from the City's payroll as of fiscal year 1987's budget. Other jobs, including that of the Assistant City Manager, were abolished by the same measure. Mr. Drayton did not seek alternative employment with the City of Rockville. Instead, after some period of time, he decided to retire, effective October 1, 1986. In this lawsuit, plaintiff sets forth claims, in count one, for breach of contract, and, in counts two and four, for race and age discrimination. (Mr. Drayton is a Black man over the age of 40.) Plaintiff also claims, in count three, that his discharge was the result of an unlawful conspiracy by the City Manager and the City Council.

Defendant has moved for summary judgment, which must be given to a movant when the opponent does not demonstrate, by proof conforming to the requirements of Fed.R.Civ.P. 56(e), that there is a genuine dispute of material fact warranting trial under the applicable standard of proof, which is the one that would be utilized were the case at the directed verdict stage. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). No oral hearing is deemed necessary. Local Rule 6, D.Md.

██ It is clear that all of the federal law-based claims asserted against defendant are barred by the doctrine of absolute legislative immunity. This principle was recognized by the Fourth Circuit in *Schlitz v. Commonwealth of Virginia,* 854 F.2d 43 (4th Cir.1988), in which the court held that an ADEA claim against the Commonwealth of Virginia, based on the alleged failure of the Virginia General Assembly to re-elect a judge because of his age, was barred by legislative immunity. *Id.* at 46. Although *Schlitz* dealt with state legislators' absolute immunity, the Fourth Circuit has recognized and extended legislative immunity to the acts of municipal legislators such as the Mayor and City Council of Rockville. *See Bruce v. Riddle,* 631 F.2d 272, 279 (4th Cir.1980).* There can be no question that, because this species of immunity is absolute, plaintiff's allegations concerning the alleged discriminatory motives behind the legislative actions are irrelevant. *See Rateree v. Rockett,* 852 F.2d 946, 948 (7th Cir.1988). *Rateree* also makes it crystal clear that job elimination through the budgetary process is a legislative act to which the doctrine of absolute legislative immunity is squarely applicable. *Id.* at 950–51.

Plaintiff's arguments in opposition are unconvincing. As plaintiff states, his quarrel is mainly with the new City Manager, Mr. Robinson, whom he views as responsible for the elimination of his job. But, concededly, the City Manager lacked the

---

* In *Schlitz,* claims were not asserted against individual lawmakers, as is often the case when legislative immunity is invoked. Rather, the defendant entitled to legislative immunity, according to *Schlitz,* 854 F.2d at 46, was the state itself. Thus, the Mayor and City Council, as a body, have standing under *Schlitz* to claim legislative immunity.

power to eliminate plaintiff's, or anyone else's, job. He only proposed; the City's legislature disposed. Thus, the job elimination, which is the injury for which plaintiff seeks compensation, was a legislative act.

Plaintiff attempts to distinguish his case from *Rateree* by arguing that, in this case, there was no *bona fide* budgetary reason for the elimination of his job. But this argument misses the point, which is that it is only the *process*, not the reason for it, that must be examined. If the former is legislative, as the creation and elimination of public jobs certainly are, then under the *Schlitz/Rateree* analysis, the latter is not to be inquired into by the courts.

Finally, the Court notes that, although having strenuously argued that the elimination of plaintiff's job was not a legislative act, *see* plaintiff's opposition at 7–10, plaintiff later argues that, under the doctrine of *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), liability should be imposed on the City for the elimination of plaintiff's job, because it was the act of the municipality of Rockville *"through its lawmakers, the Mayor and Council."* · Plaintiff's opposition at 25 (emphasis added by the Court). The Court does not condemn inconsistent arguments as such, but the inconsistency here is a telling one, that points out why this suit is barred by legislative immunity.

For these reasons, defendant is entitled to summary judgment as to counts two, three, and four, insofar as they are premised on any claim arising under federal law.

■ With regard to plaintiff's breach of contract claim, plaintiff has not identified a contractual provision giving him any protection against the elimination of his job through the budgetary process or guaranteeing him any remedy should the job be thus eliminated. Hence, he simply has not identified any contract that was breached, and his contract claims are baseless. Consequently, defendant is entitled to summary judgment on count two as well.

The Court will address several other arguments and issues, in the interest of completeness.

■ First, because plaintiff's breach of contract claim is inextricably bound up with the legislative act of defendant in eliminating his position, both federal and state law would bar the award of damages with regard to the claim, on the ground of legislative immunity. *See Schlitz*, 854 F.2d 43. *See also Blondes v. State*, 16 Md.App. 165, 175, 294 A.2d 661, 665–66 (1972), *reversed on other grounds*, 273 Md. 435, 330 A.2d 169 (1975).

■ Second, if the Court were to reach the merits of plaintiff's claims of prohibited racial and age discrimination, the Court would find that defendant is entitled to summary judgment, because plaintiff has failed to advance a *prima facie* case. Plaintiff has no claim because he cannot, in view of problems with his unpaid taxes, allegations of sexual misconduct, and his generally ineffective management, all unrefuted in the material supporting his summary judgment opposition, *see Celotex*, 477 U.S. at 322–24, 106 S.Ct. at 2552–54, show that he was performing his job up to the *legitimate* expectations of his employer. *See, e.g., Lovelace v. Sherwin–Williams Co.*, 681 F.2d 230, 244 (4th Cir.1982). Furthermore, there is no indication that plaintiff was treated less favorably than younger, white employees, either with regard to discipline, *see Moore v. City of Charlotte*, 754 F.2d 1100 (4th Cir.), *cert. denied*, 472 U.S. 1021, 105 S.Ct. 3489, 87 L.Ed.2d 623 (1985), or with regard to job elimination, in that the Assistant City Manager whose job was also eliminated by budgeting was a white man under 40 years of age.

■ Finally, to the extent plaintiff seeks to impose liability on defendant under 42 U.S.C. § 1983 for the acts of Robinson, the City Manager, in recommending the elimination of plaintiff's job, such liability cannot rest on a theory of *respondeat superior*. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir.1977). Rather, there must be a showing of some municipal custom, policy, law, or usage, *see Monell*, 436 U.S. at 690–91, 98 S.Ct. at 2035–36, which caused injury. (This assumes that Robinson was a sufficiently high-level policy maker. *See*

**1158**

*City of St. Louis v. Praprotnik,* —— U.S. ——, 108 S.Ct. 915, 924, 99 L.Ed.2d 107 (1988).) As pointed out *ante,* plaintiff's elimination from employment was not affected by Robinson's recommendation, but by the legislative act for which this defendant is absolutely immune from suit.

For all these reasons, an order will be entered separately granting defendant's motion for summary judgment, and entering judgment in its favor, against plaintiff.