**Louis DRAUGHON, Plaintiff,**

v.

**CITY OF OLDSMAR; Dotty Lee; Earl Halle and Jerry Beverland, Defendants.**

No. 90–1370–CIV–T–17(C).

United States District Court,
M.D. Florida,
Tampa Division.

July 12, 1991.

Frank E. Hamilton, III, Frank Hamilton & Associates, P.A., Tampa, Fla., for plaintiff.

Thomas P. Scarritt, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, Fla., for defendants.

## ORDER ON MOTIONS

KOVACHEVICH, District Judge.

This cause is before the court on a flurry of motions from the various Defendants to dismiss, strike and call for more definite statement.

## I. BACKGROUND

Plaintiff was employed by Defendant, the City of Oldsmar, as an Administrative Assistant to the City Manager until he was discharged in September 1990 as the result of budget cuts initiated by Defendants and City Council Members Dotty Lee, Earl Halle and Jerry Beverland. The complaint has four counts, citing various deficiencies in the budget cutting process leading to his discharge.

The first two counts allege civil rights violations under 42 U.S.C. § 1983. Plaintiff contends that he held a property right in his job and that he was deprived of that property without due process. The first count names the city as the only Defendant, while the second count names all of the Defendants.

The third count asserts that the decision to cut Plaintiff's salary out of the budget was made at a private meeting amongst the Defendant city council members in violation of Florida's "sunshine" law, Fla.Stat. § 286.011. On this count, Plaintiff requests that the budget be declared illegal, restoring Plaintiff to his position.

The final count alleges that the Defendant city council members committed a tortious interference in the employment contract between Plaintiff and the City. Plaintiff notes that the city council has no authority to hire or fire city employees. Plaintiff charges that the city council's decision not to fund his salary, essentially firing him, constitutes an impermissible extension of council authority.

Pursuant to these counts, Plaintiff seeks declaratory and injunctive relief, restoring him to his former position, compensatory relief, including lost wages and attorney's fees, and punitive damages.

## II. MOTIONS TO DISMISS

■ Defendants have filed motions to dismiss each of the counts in the complaint. A complaint should not be dismissed for failure to state a claim unless it appears beyond a reasonable doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). A trial court, when ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

**1146**

Concerning the first count, the Court concludes that the allegations of the complaint are adequate. The City, the only Defendant named in count one, claims that Plaintiff has failed to substantiate his property and liberty interests sufficiently to maintain a claim. But Fed.R.Civ.P. 8(a) requires only "a short and plain statement of the claim" and the Court finds the complaint sufficient to outline the essentials of Plaintiff's claim.

■ The second count requires more extensive consideration. Defendants Lee, Halle and Beverland claim absolute immunity under 42 U.S.C. § 1983 for decisions made pursuant to their legislative duties. Plaintiff's response seeks to avoid the force of this argument by contending that the budget vote was invalidated by procedural error. Plaintiff contends that budget decisions must be enacted by ordinance under the Oldsmar City Charter. The council decision leading to Plaintiff's discharge, however, was passed as a resolution. Plaintiff argues that this procedural abnormality renders the vote of the City Council non-legislative, defeating Defendants' immunity claims.

This Court finds Plaintiff's distinction meritless. It is clear that Defendants are entitled to absolute immunity for acts taken in the commission of legitimate legislative duties. *Hernandez v. City of Lafayette*, 643 F.2d 1188, 1193 (5th Cir.1981); *Espanola Way Corp. v. Meyerson*, 690 F.2d 827, 829 (11th Cir.1982); *Healy v. Town of Pembroke Park*, 831 F.2d 989, 993 (11th Cir.1987); *Finch v. City of Vernon*, 877 F.2d 1497, 1505 (11th Cir.1989). These cases emphasize that the vote of a city council member is a form of legislative decision-making entitled to complete immunity. *Hernandez*, 643 F.2d at 1194; *Espanola*, 690 F.2d at 829; *Healy*, 831 F.2d at 993; *Finch*, 877 F.2d at 1505. In addition, courts have found the passage of resolutions to be protected legislative acts, *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 688 F.Supp. 1522, 1525

(S.D.Fla.1988), and budgeting to be a quintessential legislative function. *Rateree v. Rockett*, 852 F.2d 946 (7th Cir.1988). Finally, *Drayton v. Mayor & Council of Rockville* held that "job elimination through the budgetary process is a legislative act to which the doctrine of absolute legislative immunity is squarely applicable." 699 F.Supp. 1155, 1156 (D.Md.1988).

Given the unequivocal nature of legislative immunity in relation to budgeting and other legislative decisions, the Court cannot imagine that this immunity disappears at the first sign of procedural error. Such a position would defeat the purpose of legislative immunity. As noted by Judge Learned Hand:

> The justification for [legislative immunity] is that it is impossible to know whether the claim is well founded until the case has been tried, and that to submit all officials, the innocent as well as the guilty, to the burden of a trial and to the inevitable danger of its outcome would dampen the ardor of all but the most resolute, or the most irresponsible, in the unflinching discharge of their duties.

*Gregoire v. Biddle*, 177 F.2d 579, 581 (2d Cir.1949). The logic of this argument compels the conclusion that legislators must be protected in their legitimate efforts to conduct legislative business. In view of this strong policy concern, the Court will not allow trivial errors to obviate this protection.[1]

■ Counts three and four concern questions of state law, and therefore, may be heard only under the Court's pendent jurisdiction. Defendants challenge this jurisdiction asking that the court dismiss these claims.

■ The decision to exercise pendent jurisdiction to hear state claims is made at the discretion of the Court. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). In general, state claims may be heard with federal claims if they arise from a common nucleus of operative fact. *Gibbs*, 383 U.S.

1. Although the City is also named as a Defendant in the second count, the Court perceives no basis on which to differentiate the allegations of the second count from those of the first count in regard to the City. Therefore, the Court dismisses the second count in its entirety.

at 725, 86 S.Ct. at 1138. A decision to assume pendent jurisdiction should be based on considerations of judicial economy, convenience and fairness to litigants. *Gibbs*, 383 U.S. at 726, 86 S.Ct. at 1139; *Nelson v. Greater Gadsden Hous. Auth.*, 802 F.2d 405, 407 (11th Cir.1986).

An examination of these factors weighs against this Court's exercise of pendent jurisdiction. First, as Defendants point out, the facts in dispute pursuant to the state and federal claims are completely separate. On the § 1983 claim, the battle will center around whether Plaintiff was deprived of protected liberty and property interests. The state claims, on the other hand, will center on whether the Defendant legislators met secretly and their intentions and motives to eliminate his job. Those facts that are common to all the claims, e.g. that Plaintiff's dismissal resulted from a vote of the city council, are not disputed and are fully documented in the public record. Accordingly, the Court does not anticipate any great loss of judicial economy from a refusal to assume jurisdiction.

Second, there is a large risk that an assumption of jurisdiction would be unfair to the parties, particularly the City of Oldsmar. Initially, it is important to note that the parties to the state and federal claims are different. The City is the only Defendant named in the remaining federal claim, while the state claims name only Lee, Halle and Beverland. Under these circumstances, there is some risk that a confused jury may not properly distinguish the claims and parties. Furthermore, there are conflicts between the types of evidence which can be brought in the various claims. While Plaintiff's allegations of improper motive concerning Lee, Halle and Beverland may provide circumstantial support for his state claims, this is precisely the type of evidence which must be excluded as a matter of legislative immunity on the civil rights claim.

Therefore, the court holds that the potential for prejudice outweighs the convenience and judicial economy concerns and dismisses the state counts without prejudice. The Court will entertain a motion for reconsideration if these claims cannot be brought in state court due to the statute of limitations. Accordingly, it is

ORDERED that Defendants' motions to dismiss Count I be denied; that Defendants' motions to dismiss Count II be granted; and that Defendants' motions to dismiss Counts III and IV be granted without prejudice

DONE and ORDERED.