Stella **RACINE**

v.

**CECIL COUNTY, MARYLAND, et al.**

Civ. No. S 93–3657.

United States District Court, D. Maryland.

Feb. 1, 1994.

Robert T. Durkin, Jr., Baltimore, MD and Vernon M. Whelan, Elkton, MD, for plaintiff.

Charles S. Fax and Shapiro & Olander, Baltimore, MD, and B. Darren Burns and Shapiro & Olander, Annapolis, MD, for defendants Cecil County, Cole, Cleek, Abbott, and Sealover.

William J. Chen, Jr. and Chen, Walsh, Tecler & McCabe, Rockville, MD, for defendant Hill.

## MEMORANDUM OPINION

SMALKIN, District Judge.

This case is before the Court on several pending motions. Because the disposition of the defendants' motion to dismiss moots the other motions, they will not be addressed specifically. No oral hearing is necessary. *See* Local Rule 105.6 (D.Md.).

The amended complaint in this case asserts numerous counts under 42 U.S.C. § 1983 and under Maryland law against Cecil County, its County Commissioners, and two high-ranking administrative officers of the County, all stemming from the elimination of Stella Racine's job with the County upon a change in County Commissioners. (Although plaintiff filed an amended complaint on January 28, 1994, as a matter of right, the amendments do not affect the discussion or disposition of the motion to dismiss.) The underlying facts are set out with some specificity in the reported decision by Judge Legg of this Court in a case involving three other county employees terminated at the same time as Ms. Racine. *See Christian v. Cecil County, Maryland,* 817 F.Supp. 1279 (D.Md. 1993).

■ It is evident to the undersigned that, because the plaintiff's job was eliminated as the result of a legislative act,[1] the defendant County Commissioners are absolutely immune from liability, in their individual capacities, for damages under the doctrine of legislative immunity, as expounded by this Court in *Drayton v. Mayor and Council of Rockville,* 699 F.Supp. 1155 (D.Md.1988), *aff'd,* 885 F.2d 864 (4th Cir.1989) (Table). Although Judge Legg distinguished the circumstances of the plaintiffs' termination in his case from the *Drayton* case, *see Christian,* 817 F.Supp. at 1288 n. 28, the undersigned judge of this Court, who decided *Drayton,* is of a contrary view. In *Drayton,* the Mayor and City Council of Rockville enacted a resolution that abolished certain positions as part of its budgetary process. The undersigned held that because the enactment of such a resolution was a legislative act, the plaintiff's federal claims were barred by the doctrine of absolute legislative immunity. *See Drayton,* 699 F.Supp. at 1156. The undersigned finds no legally significant distinction between the resolution enacted in *Drayton* and the resolution of the Cecil County Commissioners, at issue in this case, to declassify all of the employee positions in the Commissioners' Office.

Judge Legg, in determining that the Commissioners were not acting in their legislative capacity, appears to have examined the motivations of the Commissioners behind the decision to change the status of certain County employees. *See Christian,* 817 F.Supp. at 1287–88. The undersigned is of the opinion that such an examination of legislative motivations, whether to determine if there is indeed a legislative act or for other reasons, is the very inquiry that the doctrine of absolute legislative immunity, under Fourth Cir-

---

1. The Commissioners reorganized the Commissioners' Office at a public Commission session held on December 4, 1990, declassifying all positions within the Commissioners' Office.

cuit case law to be discussed *post,* precludes.[2] Because the undersigned finds that the law of this Circuit precludes any inquiry into the motivations of legislators in enacting legislation, including an ordinance or resolution respecting the classification or abolition of personnel positions, I am unpersuaded by the authority discussing legislative immunity cited by Judge Legg in *Christian.* That authority has not been followed by the Fourth Circuit. For this reason, the undersigned finds that the plaintiff's federal claims against the defendant County Commissioners in their individual capacities are barred by the doctrine of absolute immunity under the law of this Circuit.

 It is true that the doctrine of absolute legislative immunity does not, in terms, extend to any claims other than claims for damages against legislators in their individual capacities. There are, in this case, claims against two high-ranking county administrative employees and against the County itself. There are also claims against the Commissioners in their official capacities. All these claims, also, are barred by the doctrine of legislative immunity under the law of this Circuit, because their determination would necessarily involve testimony from the Commissioners as to their motivation in enacting the resolution of December 4, 1990, that, *inter alia,* eliminated plaintiff's job. This sort of inquiry is specifically prohibited by the doctrine of legislative immunity, as set forth in the decision of the Fourth Circuit in *Hollyday v. Rainey,* 964 F.2d 1441, 1442 (4th Cir.), *cert. denied,* — U.S. —, 113 S.Ct. 636, 121 L.Ed.2d 567 (1992). The Fourth Circuit's decision on that point in *Hollyday* was premised upon its holding in *Baker v. Mayor and City Council of Baltimore,* 894 F.2d 679, 681–82 (4th Cir.), *cert. denied,* 498 U.S. 815, 111 S.Ct. 56, 112 L.Ed.2d 31 (1990). In the present case, as in *Hollyday,* trial of the federal claims other than the claims as to which absolute personal immunity of legislators attaches would necessarily require the kind of inquiry into the motives underlying a legislative act that the Fourth Circuit has refused to countenance in both *Hollyday* and *Baker.*

The Court notes that the Court of Special Appeals of Maryland appears to have adopted the reasoning of the Fourth Circuit's decisions discussed above in the only reported Maryland case on point, *Montgomery County v. Schooley,* 97 Md.App. 107, 115–19, 627 A.2d 69 (1993). The Court also notes that, to the extent that Judge Luttig differed with Judge Hall's opinion in Part II of *Hollyday,* the present case perfectly mirrors the facts on which Judge Luttig's concurrence in the judgment was premised, in that the plaintiffs in both cases alleged that the termination decision—motivated by impermissible factors—was actually made *before* the commissioners formally took office. In Judge Luttig's view, this fact negated the element of state action for any section 1983 claim at all, and, of course, their subsequent *de jure* legislative acts were, for Judge Luttig, beyond probing under *Baker. See* 964 F.2d at 1445–46. Thus, this case satisfies the basis for the majority's decision in *Hollyday,* though the two judges in the majority differed on the grounds for their decision.

Therefore, the Court will enter an order that grants plaintiff leave to file her amended complaint, dismisses the federal claims (Counts I through IV, and VII) of the amended complaint in their entirety, as barred by legislative immunity, dismisses the state-law based claims in Counts V and VI for lack of federal subject matter jurisdiction pursuant to 28 U.S.C. § 1367(c)(3), and moots all other pending motions.

---

**2.** The undersigned judge refused to examine the alleged improper motivations in *Drayton* precisely for that reason. *See Drayton,* 699 F.Supp. at 1156.