**Mona A. ORANGE, et al., Plaintiffs,**

v.

**COUNTY OF SUFFOLK, et al., Defendants.**

**No. CV 93–0707.**

United States District Court, E.D. New York.

Sept. 13, 1993.

Block, Amelkin & Hamburger by Lane T. Maxson, Smithtown, NY, for plaintiffs.

Robert J. Cimino, Suffolk County Atty. by Robert H. Cabble, Hauppauge, NY, for defendants County of Suffolk and Gaffney.

Pachman, Pachman, Brown & Farneti, P.C. by Karen R. Brown, Commack, NY, for all other named defendants.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

Mona A. Orange, Maxine G. Batson, Joan M. Ward and James W. Couch ("Plaintiffs"), current and/or former Suffolk County Civil Service competitive class employees with the Department of Social Services ("DSS"), have brought the instant action pursuant to 42 U.S.C. § 1983 against the County of Suffolk

(the "County"), Suffolk County Executive Robert J. Gaffney ("Gaffney"), and eleven current or former members of the Suffolk County Legislature ("legislator defendants") (collectively, "Defendants"). Plaintiffs allege that the individual Defendants conspired to act and acted to wrongfully discharge or adversely affect Plaintiffs' employment with Suffolk County on the basis of their political affiliation in violation of the First and Fourteenth Amendments. They further allege that the same acts by Defendants violated § 107 of the New York State Civil Service Law. Plaintiffs seek damages, declaratory and injunctive relief under § 1983 and invoke the Court's jurisdiction over the pendent state law claim.

Now before the Court is Defendants' motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the federal claims upon the ground that the complaint fails to state a claim upon which relief may be granted. Defendants further seek to dismiss the state claim on statute of limitations grounds or, in the alternative, that upon the dismissal of the federal claims, this Court decline to continue to exercise supplemental jurisdiction over the state claim. Finally, the defendant legislators seek attorney's fees pursuant to 42 U.S.C. § 1988. For the reasons stated below, Defendants' motion is granted in part and denied in part.

## I. *BACKGROUND*

Plaintiffs make the following allegations: (1) their supervisor, a registered Democrat who was appointed in April 1989 to a statutory five-year term as the Suffolk County Commissioner of Social Services, was a target of a Republican patronage scheme; (2) Defendants conspired to force the Commissioner's resignation by subjecting her to political and economic pressure through an unlawful reorganization of her Department, including the abolishment of Plaintiffs' positions; (3) in furtherance of this political patronage scheme, Defendants conspired to take adverse employment actions against only non-Republican Civil Service employees; (4) Defendants carried out this scheme through the adoption of budgetary Resolution No. 53–1992 (the "Resolution") by the Republican-controlled Legislature; (5) said Resolution purported to "effectuate cost avoidance and/or cost savings of approximately three hundred thousand dollars during fiscal year 1992"; and (6) in actuality, the Resolution resulted in a negligible, if any, cost savings.

In total, the Resolution abolished fifteen positions in the DSS. Three of those positions were vacant, three were held by Republicans, two by political independents, and the remaining seven by Democrats. Plaintiffs contend, however, that none of the three "affected" Republicans was actually adversely affected by the resolution: two never lost their jobs, and the third was initially demoted, but then promoted by defendant Gaffney to a grade higher than she had at the time the resolution was adopted. Conversely, all but one of the remaining nine individuals were either fired or demoted.

Plaintiffs further allege that the following incident involving Douglas R. LaLone, a County Civil Service employee within the DSS, is demonstrative of Defendants' alleged patronage scheme. LaLone, a Democrat, learned that his position was listed in the Resolution and would ultimately be abolished. Thereafter, he spoke with politically influential Republicans, including John Powell, the Chairman of the Republican Party for the Town of Brookhaven (not a party to this suit). Because LaLone then changed his party affiliation to Republican and agreed to other terms imposed on him by Powell, including selling or purchasing approximately $1,500 in tickets to a Republican fundraiser, LaLone's name was stricken from the Resolution.

Plaintiffs also allege that Defendants' patronage scheme is evidenced by the fact that they chose to abolish the position held by a Democrat, plaintiff Maxine Batson, rather than one held by a Republican, despite the fact that the Republican, who held the identical Civil Service title and grade within the DSS, was appointed to her position more than one and a half years after the Democrat was appointed. Defendants note, however, that the termination of Batson was not a violation of seniority rights because these employees were provisional, and seniority has no application to provisional employees.

## II. *DISCUSSION*

### A. *Absolute Legislative Immunity Applies to County Legislators*

■ The Legislator defendants contend that they are entitled to absolute legislative immunity for their act of voting for Resolution No. 53–1992. It is settled law that state legislators are absolutely immune from suits for damages under § 1983 for acts taken in their legislative capacity. *Tenney v. Brandhove*, 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019 (1951). Furthermore, "[t]he claim of an unworthy purpose does not destroy the privilege.... The privilege would be of little value if [legislators] could be subjected to the cost and inconvenience and distractions of a trial upon a conclusion of the pleader, or to the hazard of a judgment against them based upon a jury's speculation as to motives." *Id.* at 377, 71 S.Ct. at 788.

In *Lake Country Estates, Inc. v. Tahoe Regional Planning Agency*, 440 U.S. 391, 99 S.Ct. 1171, 59 L.Ed.2d 401 (1979), the Supreme Court extended the doctrine of absolute legislative immunity to regional legislators. *Id.* at 405, 99 S.Ct. at 1179. The Court, however, expressly reserved the question of whether absolute immunity applies to legislators at the local level. *Id.* at 404, n. 26, 99 S.Ct. at 1178, n. 26.

Subsequently, at least nine circuit courts have addressed this question, and all have ruled that absolute legislative immunity does extend to local legislators who are sued in their individual capacity. *See, e.g., Aitchison v. Raffiani*, 708 F.2d 96, 90–100 (3d Cir. 1983); *Reed v. Village of Shorewood*, 704 F.2d 943, 952–53 (7th Cir.1983); *see also Herbst v. Daukas*, 701 F.Supp. 964, 966–67 (D.Conn.1988); *Dusanenko v. Maloney*, 560 F.Supp. 822, 826–27 (S.D.N.Y.1983), *aff'd on other grounds*, 726 F.2d 82 (2d Cir.1984); *Goldberg v. Village of Spring Valley*, 538 F.Supp. 646, 649 (S.D.N.Y.1982). Furthermore, in dicta, the Second Circuit recently adopted the same position, quoting *Dusanenko* for the proposition that there is " 'no material distinction between the need for insulating legislative decision making at the state or regional level, and a corresponding need at the municipal level.' " *Goldberg v. Town of Rocky Hill*, 973 F.2d 70, 72–73 (2d Cir.1992).

Nevertheless, Plaintiffs contend that the legislator defendants are not entitled to absolute legislative immunity for the claims against them in their individual capacity. Plaintiffs note that the Second Circuit has never actually held that absolute legislative immunity applies to local legislators. Furthermore, Plaintiffs contend that *Forrester v. White*, 484 U.S. 219, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988), supports their position that local legislators are entitled to only qualified immunity.

In *Forrester*, the Supreme Court held that a state court judge was not entitled to absolute judicial immunity, from a § 1983 action arising out of his discharge of a probation officer. Plaintiffs note that the *Forrester* Court made the following observations:

> This Court has generally been quite sparing in its recognition of claims to absolute official immunity.... [Moreover], the Court has been careful not to extend the scope of [absolute legislative immunity] further than its purposes require.

*Id.* at 224, 108 S.Ct. at 542.

However, those statements notwithstanding, *Forrester* did not in any way limit the application of absolute legislative immunity as applied to legislative acts of state or local legislators. The significance of *Forrester* to the instant case is its endorsement of the "functional analysis" that courts must employ in determining whether immunity applies in a given instance. *Id.* Under this approach, courts must analyze the "nature of the functions with which a particular official or class of officials has been lawfully entrusted, and ... evaluate the effect that exposure to particular forms of liability would likely have on the appropriate exercise of those functions." *Id.*

Based on the reasoning of *Forrester* and *Goldberg*, this Court finds that the local legislator defendants are entitled to absolute immunity from a § 1983 action against them in their individual capacity for all acts done in a legislative capacity.

**B.** *The County Legislators Acted in a Legislative Capacity*

 Defendants contend that the legislators' acts here at issue: the making of budgetary adjustments through the elimination and creation of positions, and the overall reorganization of the DSS are clearly within the "sphere of legitimate legislative activity." *Tenney,* 341 U.S. at 376, 71 S.Ct. at 788. In response, Plaintiffs cite several cases in which courts have held that public officials making personnel or monetary decisions affecting public employees were acting in an administrative capacity. *See Hughes v. Tarrant County, Texas,* 948 F.2d 918 (5th Cir. 1991); *Bryant v. Nichols,* 712 F.Supp. 887 (M.D.Ala.1989); *Detz v. Hoover,* 539 F.Supp. 532 (E.D.Pa.1982); *Visser v. Magnarelli,* 542 F.Supp. 1331 (N.D.N.Y.1982). However, the cases relied upon by Plaintiffs are all distinguishable from the instant case in that they involve situations affecting a single worker.[1] In contrast, the defendant legislators in this case are alleged to have voted to abolish a series of positions.

Courts have consistently held that the abolition of municipal positions constitutes a legislative act. *See, e.g., Baker v. Mayor and City Council of Baltimore,* 894 F.2d 679, 682 (4th Cir.) ("The act of eliminating a position altogether instead of merely terminating the employment of a public employee is a uniquely legislative function."), *cert. denied,* 498 U.S. 815, 111 S.Ct. 56, 112 L.Ed.2d 31 (1990); *Rateree v. Rockett,* 852 F.2d 946 (7th Cir. 1988); *Drayton v. Mayor and Council of Rockville,* 699 F.Supp. 1155 (D.Md.1988), *aff'd,* 885 F.2d 864 (4th Cir.1989). In *Rateree,* the defendants, members of a city council, voted to delete funding for the plaintiffs' positions. The plaintiffs sued under § 1983, claiming that the mayor and council members harassed them and ultimately dismissed them due to political differences. The district court dismissed the complaint as to the individual defendants on the basis of their legislative immunity. On appeal, the Seventh Circuit affirmed, holding that the abolition of a position in the budgetary process

was a "quintessential legislative function, reflecting the legislators' ordering of policy priorities in the face of limited financial resources." *Rateree,* 852 F.2d at 950 (quoting *Rateree v. Rockett,* 630 F.Supp. 763, 781 (N.D.Ill.1986)). The court also noted that the loss of a job does not convert a legislative budget cut into an administrative decision. *Id.* Moreover, although the plaintiffs in *Rateree* alleged that certain of the defendants had admitted to them that the plaintiffs' termination stemmed from political rather than budgetary reasons, the court held that such accusations did not suffice to pierce the shield of absolute legislative immunity. *Id.* at 951.

Similarly, in *Drayton,* the defendant mayor and council members adopted a reorganization plan which resulted in the elimination of the plaintiff's position as director of community resources. *Drayton,* 699 F.Supp. at 1156. Suing under § 1983, the plaintiff alleged that his discharge was the product of an unlawful conspiracy among the defendants. The court granted summary judgment to the individual defendants on the ground of legislative immunity. *Id.* at 1157. *See also Draughon v. City of Oldsmar,* 767 F.Supp. 1144, 1146 (M.D.Fla.1991); *Herbst,* 701 F.Supp. at 970; *Dusanenko,* 560 F.Supp. at 830; *Goldberg,* 538 F.Supp. at 650.

This Court finds that the act of voting for Resolution No. 53–1992 by the legislature defendants was a purely legislative function, and therefore absolutely immune from attack in a § 1983 action. The resolution was—at least on its face—aimed at the broad policy goals of reorganizing, streamlining and rolling back costs of the DSS. It attempted to achieve these goals by eliminating fifteen administrative positions, and replacing them with twenty new entry level positions. Plaintiffs' claims that the resolution did not achieve the projected savings and that political patronage was the underlying factor behind the resolution are insufficient to deprive the legislator defendants of absolute legislative immunity.

---

1. Equally inapplicable is Plaintiffs' reliance on *Vacca v. Barletta,* 933 F.2d 31 (1st Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 194, 116 L.Ed.2d 154 (1991) in which a local legislator ordered the removal of an allegedly disruptive individual during a school committee's discussion on how to cover the cost of hiring seven teachers.

## C. County Executive Gaffney Is Entitled to Absolute Immunity

■ In *Forrester*, the Supreme Court explains that state executive officials are not entitled to absolute immunity for their official actions. *Forrester*, 484 U.S. at 225, 108 S.Ct. at 543. Thus, Plaintiffs argue, County Executive Gaffney, can have no greater immunity than that afforded to executives on a state level.

Gaffney, however, does not claim executive immunity; he seeks absolute legislative immunity because his act of signing the resolution was legislative in nature. It is clear that his right to such immunity is not determined by his position in the executive branch, but by the function he performed regarding the operative facts. *See Forrester*, 484 U.S. at 224, 108 S.Ct. at 542–43.

In the instant case, Gaffney is alleged to have signed the Resolution which affected Plaintiffs' employment. Gaffney notes that under the Suffolk County Charter, any local law passed by the legislators must be presented to the County Executive for his approval. This action, he argues, is legislative in nature. *See Edwards v. United States*, 286 U.S. 482, 491, 52 S.Ct. 627, 630, 76 L.Ed. 1239 (1932) (President's signing into law of a bill passed by Congress is a legislative act); *Aitchison*, 708 F.2d at 99 (mayor's vote to pass an ordinance abolishing the position of assistant building inspector is legislative act); *Burkhardt Advertising, Inc. v. City of Auburn*, 786 F.Supp. 721, 736 (N.D.Ind.1991) (mayor's signing into law a zoning ordinance imposing a ban on billboards is legislative act); *Drayton*, 699 F.Supp. at 1156–57 (city manager who proposed the elimination of a municipal position which is subsequently abolished by act of city council is entitled to legislative immunity).

This Court finds that under the required functional analysis test, Gaffney's act in signing the Resolution was clearly legislative in nature. Therefore he is entitled to absolute legislative immunity.

## D. Absolute Immunity Does Not Apply To The County

■ The County argues that the claims against it should be dismissed because Plaintiffs would be unable to prove any political motives behind the individual defendants' actions. The County relies on *Schlitz v. Commonwealth of Virginia*, 854 F.2d 43, 45–46 (4th Cir.1988), an action brought under the Age Discrimination in Employment Act wherein the Fourth Circuit extended the absolute legislative immunity afforded to individual state legislators to encompass absolute immunity for the State on the ground that otherwise the legislators would have been required to testify regarding their motives in casting certain votes. Similarly, the County contends that it is entitled to summary judgment because the individual legislators, by virtue of their absolute immunity, should be protected from discovery relating to their motives for voting for the Resolution. *See Hollyday v. Rainey*, 964 F.2d 1441, 1443 (4th Cir.) (granting absolute immunity to municipal defendant in § 1983 action on basis of legislative immunity), *cert. denied* —— U.S. ——, 113 S.Ct. 636, 121 L.Ed.2d 567 (1992).

It does not appear that the Fourth Circuit's position in *Schlitz* and *Hollyday* has been adopted by other courts. Moreover, in *Herbst*, the district court, relying on *Owen v. City of Independence*, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980) and *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), specifically rejected the application of legislative immunity to the municipal defendant. *See also Goldberg v. Town of Rocky Hill*, 973 F.2d at 74 (noting that "there is no immunity defense, whether qualified or absolute, available to the municipality" and that "[d]evelopments in federal law over the last 30 years have tied the constitutionality of many types of municipal legislation directly to the purpose and motive of the legislators."). Accordingly, the County's motion for summary judgment is denied.

## E. Claims Against Executive and Legislator Defendants in Their Official Capacity Are Dismissed

■ A suit against a municipal officer in his official capacity is functionally equivalent to a suit against the entity of which the officer is an agent. *Brandon v. Holt*, 469

U.S. 464, 471–72, 105 S.Ct. 873, 877–78, 83 L.Ed.2d 878 (1985); *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985) ("any damage award may be satisfied by looking only to the entity itself, not the official"). Therefore, it would be redundant to allow the suit to proceed against both Suffolk County and the individuals in their official capacity. *Kohn v. Mucia*, 776 F.Supp. 348 (N.D.Ill.1991) (dismissing suits against defendants sued in their official capacity because the city is a named defendant); *see Busby v. City of Orlando*, 931 F.2d 764 (11th Cir.1991) (affirming directed verdict in favor of city officials where the city remained a defendant). Accordingly, because Plaintiffs have a claim against the County of Suffolk, their claims against the County Executive and the legislators in their official capacity are dismissed.

## F. Plaintiffs' Pendent State Claim Is Not Time–Barred

■ Resolution No. 53–1992 was signed into law on or about February 4, 1992. The instant suit was filed in February 1993. Defendant legislators argue that Plaintiffs' New York State Civil Service Law § 107 claim should be dismissed due to the expiration of the statute of limitations. They contend that the applicable statute of limitations is the four months provided for actions brought under New York CPLR Article 78.

Proceedings under Article 78, however, challenge administrative actions. Because this Court finds that Defendants' actions in this case were legislative, the applicable statute of limitations is three years, as provided by CPLR § 214(2).[2] Thus, Plaintiffs' state law claim is not time-barred.

## G. Plaintiffs' Conspiracy Claim Is Dismissed With Leave to Amend

■ A claim of conspiracy to violate civil rights requires more than just general allegations of collusion. *Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir.1977); *Powell v. Workman's Compensation Board*, 327 F.2d 131,

137 (2d Cir.1964). Although Plaintiffs allege that Defendants conspired to illegally manipulate the Civil Service System, Plaintiffs fail to state any particularities which support this allegation. The complaint does not include times, facts or circumstances of the alleged conspiracy.[3] Therefore, Defendants contend that Plaintiffs' conspiracy claim should be dismissed for failure to plead with specificity.

Relying on *Leatherman v. Tarrant Co. Narcotics Intelligence & Coordination Unit*, — U.S. ——, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993), Plaintiffs argue that this Court may not apply a "heightened pleading standard" merely because this is a civil rights case alleging municipal liability under § 1983. In *Leatherman*, however, the plaintiffs alleged only a civil rights violation under § 1983 against the municipality; they did not allege a conspiracy between the municipality and its officers. It is the conspiracy charge in the instant case which requires more specific pleading. *Leatherman* does not change this requirement.

Accordingly, this Court dismisses the conspiracy charge and grants Plaintiffs leave to amend their complaint to include specific allegations in furtherance of the alleged conspiracy.

## H. Defendants Are Not Entitled to Attorney's Fees

■ Pursuant to 42 U.S.C. § 1988, the legislator Defendants seek to recover their reasonable attorney's fees. Section 1988 states that a court may, in its discretion, award reasonable attorney's fees to the prevailing party in an action brought under 42 U.S.C. § 1983. Although the claims against the individual defendants are dismissed on the ground of absolute legislative immunity, this Court finds that Plaintiffs' claims were not frivolous; thus the Court does not impose the cost of Defendants' attorneys on Plaintiffs.

---

**2.** CPLR 214(2): "an action to recover upon a liability, penalty, or forfeiture created or imposed by statute."

**3.** The allegations concerning LaLone are clearly insufficient. LaLone is not a plaintiff, and none of the individuals identified as having spoken with LaLone is a defendant.

### III. *CONCLUSION*

For the aforementioned reasons, all claims against the Legislators and the Suffolk County Executive in their individual capacity are dismissed on the ground of absolute legislative immunity. Because the County of Suffolk remains a defendant in the case, the claims against the Legislators and the County Executive in their official capacity are dismissed as well.

This Court maintains jurisdiction over Plaintiffs' supplemental state claim. Additionally, Plaintiffs' claim of conspiracy is dismissed with leave to amend and the defendant legislators' request for an award of attorney's fees is denied.

SO ORDERED.