[635 NYS2d 310]

In the Matter of GREGORY KACZMAREK, Respondent, v JAMES J. CONROY, JR., et al., Appellants, et al., Respondent.

Third Department, December 7, 1995

APPEARANCES OF COUNSEL

*Maynard, O'Connor, Smith, Catalinotto & D'Agostino,* Albany *(Arete Sprio* of counsel), for appellants.

*Stephen J. Solomon,* New York City, for respondent.

## OPINION OF THE COURT

MIKOLL, J. P.

Petitioner seeks CPLR article 78 relief to restore the position of Schenectady Chief of Police and monetary damages pursuant to 42 USC § 1983. Petitioner alleges that respondents—the City of Schenectady, the Schenectady City Council and the City Council members—violated his constitutional rights under the 1st and 14th Amendments of the US Constitution and article I, § 8 of the NY Constitution by enacting a resolution on or about March 1, 1993, which resolution was adopted March 15, 1993, eliminating the position of Chief of Police, thus engaging in an illegal undertaking in violation of a State law. It is contended that the action was taken in retaliation against petitioner because of his political affiliation and that such action was in excess of the scope of respondents' legislative authority.

The individual City Council members and the City Council (hereinafter collectively referred to as respondents), moved for summary judgment to dismiss the petition/complaint against them on the ground that they were entitled to absolute legislative immunity both in their individual and official capacities.

Petitioner cross-moved for summary judgment on the ground that there were no defenses to the cause of action and, alternatively, that a question of fact existed as to respondents' motivation in deleting the position of Chief of Police. Supreme Court denied both motions for summary judgment relating to violations of petitioner's constitutional rights, finding that such was not appropriate in view of the conflicting allegations regarding the motivations of the City Council members. Supreme Court also declared that respondents' passage of a local law deleting the position of Chief of Police was invalid, being in violation of Civil Service Law § 58 (1-c).

This appeal ensued. Respondents direct their appeal only to Supreme Court's denial of their motion for summary judgment based on absolute legislative immunity. As the movants for summary judgment, respondents had the burden of establishing that no material issue of fact exists (*see, Zuckerman v City of New York*, 49 NY2d 557, 562; *see also*, CPLR 3212)

In support of their summary judgment motion, respondents submitted documentation tracing the adoption of the resolution decreasing the salary of the Chief of Police, decreasing the Police Department budget in the amount of the original Chief of Police salary, eliminating the position of Chief of Police from the 1993 operating budget and increasing the contingency fund in the amount of the salary for such position. Respondents also submitted proof of the enactment of a local law transferring the duties of the Chief of Police to the Police Commissioner in order to conform with the aforementioned resolution.

The issue here is whether the doctrine of absolute legislative immunity should be extended to local legislators. Petitioner urges that absent a direct ruling on the question from the Second Circuit Court of Appeals, Supreme Court's denial of the motion for summary judgment was correct. We note that the Second Circuit in pertinent commentary has indicated agreement with the view expressed by the United States District Court of the Southern District of New York that "there is ' "no material distinction between the need for insulating legislative decision making at the state or regional level, and a corresponding need at the municipal level" ' " (*Goldberg v Town of Rocky Hill*, 973 F2d 70, 73, quoting *Dusanenko v Maloney*, 560 F Supp 822, 826, *affd* 726 F2d 82, quoting *Gorman Towers v Bogoslavsky*, 626 F2d 607, 612). In *Orange Lake Assocs. v Kirkpatrick* (21 F3d 1214, 1222), the Second Circuit affirmed the Southern District of New York's holding entitling members of a town board to absolute legislative immunity in adopting

rezoning amendments. The United States District Court of the Eastern District of New York has also affirmed the legislative immunity doctrine in a 42 USC § 1983 action against local legislators in their individual capacities for all acts done in a legislative capacity (*Orange v County of Suffolk*, 830 F Supp 701, 704).

Based on the principles enunciated in these holdings, we conclude that local legislators are entitled to absolute legislative immunity within the Second Circuit for legislative acts done in their individual capacities. The question then follows: did respondents establish as a matter of law that they were acting within the "sphere of legitimate legislative activity" in adopting a resolution eliminating the position of Chief of Police? Legislators are not entitled to absolute immunity from 42 USC § 1983 liability unless their acts are legislative (*see, Tenney v Brandhove*, 341 US 367, 372). The test to be applied is the " 'functional approach' " in which the court looks to the nature of the duties, i.e., the function being performed (*Hill v City of New York*, 45 F3d 653, 660; *Rateree v Rockett*, 852 F2d 946, 950). Petitioner contends that respondents eliminated the position of Chief of Police to prevent petitioner from being so designated and that their actions were politically motivated. Respondents counter that their actions were a budgetary decision and that budgetary decisions are a uniquely legislative function.

The evidence submitted on the motion for summary judgment indicates that respondents' passage of the resolution antedated any commitment by the Mayor of the City of Schenectady to designate petitioner Chief of Police. Other evidence supports respondents' position that budgetary savings were accomplished and that the legislation effected the goal of reorganizing the Police Department's structure, also a legislative function. Petitioner's unsubstantiated allegations of political motivation are insufficient to deprive respondents, in their individual capacity, of absolute legislative immunity for the legislative activity of making budgetary decisions (*see, Orange v County of Suffolk*, 830 F Supp 701, 706, *supra*; *but see, Berkley v Common Council*, 63 F3d 295, 303).

We thus conclude that respondents have met their burden of proof in establishing as a matter of law that their action in adopting the resolution was for budgetary reasons, a legislative function to which the doctrine of absolute legislative immunity applies. Petitioner failed to provide admissible evidentiary proof of the existence of a factual issue sufficient to

necessitate a trial (*see, Zuckerman v City of New York*, 49 NY2d 557, 562, *supra*).

We are next confronted with the question of whether the suit against the legislators in their official capacities is also dismissable on the basis of absolute legislative immunity. Suits against legislators in their official capacity are mounted as a way of bringing an action against the entity of which the legislator is an agent (*see, Goldberg v Town of Rocky Hill*, 973 F2d 70, 72-73, *supra*). In such a suit, members are not shielded by the doctrine of absolute legislative immunity in that such defense is not available to a municipality sought to be held liable under 42 USC § 1983 (*see, Leatherman v Tarrant County Narcotics Intelligence & Coordination Unit*, 507 US 163, 122 L Ed 2d 517). Here, however, the City, while not a party to this appeal, is a named respondent. Therefore, since the suit against the City Council members in their official capacity and the City Council as a separate entity is the functional equivalent of the suit petitioner has initiated against the City, the suit against the City Council members in such capacity and the City Council should have been dismissed as redundant (*see Orange v County of Suffolk, supra*, at 706-707).

WHITE, CASEY, PETERS and SPAIN, JJ., concur.

Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as denied summary judgment to respondent Schenectady City Council and respondent City Council members in their individual and official capacities; motion granted to that extent and petition/complaint dismissed against said respondents; and, as so modified, affirmed.