**Lenore GORDON and Robert Martin, Plaintiffs,**

v.

**Ascher KATZ, individually and as Town Justice and Commissioner/Administrator of the Justice Court of the Town of Greenburgh, Paul Feiner, individually and as Supervisor of the Town of Greenburgh, Lester Adler, individually and as Councilperson of the Town of Greenburgh, Patrick Pilla, individually and as former Councilperson of the Town of Greenburgh, Diana Juettner, individual-**ly and as Councilperson of the Town of Greenburgh, Eddie Mae Barnes, individually and as Councilperson of the Town of Greenburgh, Timmy Weinberg, as Councilperson of the Town of Greenburgh, Town Board of the Town of Greenburgh, Town of Greenburgh and Cecile F. Sia, individually and as Court Clerk of the Justice Court of the Town of Greenburgh, Defendants.**

No. 94 Civ. 0124 (CLB) (MDF).

United States District Court, S.D. New York.

Dec. 15, 1995.

Order Denying Reconsideration Jan. 17, 1996.

James I. Meyerson, New York City, for Appellants.

John C. Grosz, Vedder, Price, Kaufman, Kammholz & Day, New York City, for Appellees.

## MEMORANDUM ORDER

FOX, United States Magistrate Judge.

This case is brought pursuant to 42 U.S.C. § 1983 for alleged deprivation of rights assured to Plaintiffs under the First and Fourteenth Amendments to the Constitution of the United States. There are also pendant state-law claims which allege violations of the New York State Town Law and the Town Code of the Town of Greenburgh, New York.

Jurisdiction of the district court is proper pursuant to 28 U.S.C. §§ 1331, 1343(a)(3) and venue is proper pursuant to 28 U.S.C. 1391(b).

The parties have consented to proceed before the undersigned pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73.

Plaintiffs claim that they were fired from their jobs as Court Assistant and Court Attendant in violation of the Greenburgh Town Code and the New York State Town Law and that these violations effectively stripped them of rights guaranteed under the First and Fourteenth Amendments. The gravamen of Plaintiffs' claim is that the legislative function of reducing the Town of Greenburgh's budget for 1994, which resulted in the elimination of Plaintiffs' jobs, was nothing more than a pretext for terminating Plaintiffs without following the procedure required pursuant to the Town Law and the Town Code.

Defendants have moved for summary judgment pursuant to Fed.R.Civ.P. 56, contending that Defendants Katz, Feiner, Adler, Pilla, Juettner, and Barnes are protected in their individual capacities by absolute legislative immunity.

Plaintiffs have also moved for summary judgment pursuant to Fed.R.Civ.P. 56 in connection with their pendent state law claims.

As will be set forth in detail below:

— Defendants' motion for summary judgment is GRANTED;

— All federal claims against Defendants Katz, Feiner, Adler, Pilla, Juettner, Barnes, Weinberg, Sia, in their individual and official capacities, and against the Town of Greenburgh, are dismissed in their entireties as there has been no allegation in the complaint sufficient to support a claim under 42 U.S.C. § 1983;

— Plaintiffs' motion for summary judgment in connection with the pendent state-law claims is rendered moot upon the dismissal of all federal claims and all state-law claims pendent thereupon; and

— The Clerk of the Court is directed to dismiss the complaint its entirety.

In 1993 Plaintiff Gordon was employed as Court Assistant and Plaintiff Martin was employed as Court Attendant in the Town of Greenburgh, located in Westchester County, New York.

Defendants Adler, Barnes, Juettner, and Pilla at all relevant times served as members of the Greenburgh Town Board.

Defendant Weinberg served as a member of the Greenburgh Town Board as of January 1, 1994 and is named in her official capacity only.

Defendant Sia was, at the relevant times, serving as Court Clerk.

Defendant Feiner while serving as a member of the Town Board also served as the Town Supervisor.

Defendant Judge Katz, a Town of Greenburgh Justice, proposed the budget that was eventually adopted and resulted in the elimination of Plaintiffs' positions.[1] Judge Katz is not a member of the Town Board.

The Town of Greenburgh had, during the pertinent time, two part-time Town Justices, Judge Klein and Judge Katz. It appears from the submissions and the annexed exhibits that the Justices disagreed on a number of things, including the town budget for the year 1994 and the need for a full-time town justice. It also is apparent that there were some serious disagreements between Judge Katz and Plaintiff Gordon, which Plaintiffs claim resulted in her "termination".

The final straw between Judges Katz and Klein appears to be the manner in which Judge Katz proposed the 1994 town budget. Judge Klein's deposition testimony reveals that until 1993, the regular course of practice when preparing the budget, was for Plaintiff Gordon, as Court Assistant, to prepare a proposed budget, present it to Judges Klein and Katz for their approval, and then submit it to the Town Supervisor. (Klein Dep. [date not provided] at 16). Judge Katz, however, decided to prepare his own proposed budget for 1994, and did just that.

---

**1.** Defendants are not seeking absolute judicial immunity for Judge Katz. Defendants contend that in connection with his role in the legislative budgetary process, Judge Katz is entitled to legislative immunity.

Judge Katz's proposed budget abolished the positions of Court Assistant and Court Attendant, held, at the time, by Plaintiffs Gordon and Martin, respectively. On August 30, 1993, Judge Katz submitted the proposed budget to Defendant Feiner, Town Supervisor. (Plaintiffs' Exhibit JJ). Judge Klein also submitted to Defendant Feiner on August 30, 1993 a proposed budget prepared by Plaintiff Gordon. (Plaintiffs' Exhibit T).

On October 19, 1993, Harold Klein appeared before the Town Board, in what is known as a working session, to address the proposed Greenburgh Town Court budget that he had submitted; and, within the course of said appearance, Judge Klein made it known that he believed that the Plaintiffs' positions were needed within the Court; that he did not agree with Defendant Katz's budget proposal for the Greenburgh town Court; and that Defendant Katz's budget proposal had been submitted out of the normal course and practice [without his involvement, advice, and consent].

(Plaintiffs' 3(g) Statement Par. 16 at 11).

Defendant Feiner, in his capacity as budget officer for the Town of Greenburgh under Section 103 of the New York State Town Law, prepared a tentative budget for the Town of Greenburgh and submitted such to Defendants Alder, Pilla, Barnes, and Juettner on or about October 30, 1993. See: Exhibit # 14 attached hereto. In his tentative budget he recommended the abolition of the Gordon and Martin positions. . . .

(Plaintiffs' 3(g) Statement Par. 8 at 7).

Due to the conflicting budgets submitted by Judges Katz and Klein, and as a result of the apparently intense and escalating disagreements between them, Judge Joseph J. Traficanti, Jr., Deputy Chief Administrative Judge, ordered on October 29, 1993, that Judge Angelo J. Ingrassia, Administrative Judge for the Ninth Judicial District, assume the responsibility for administering the activities of the Town of Greenburgh Town Court. (Plaintiffs' Exhibit PP). Upon his appointment, Judge Ingrassia assigned Nicholas A. Federici, Executive Assistant for the Ninth Judicial District, the job of preparing a superseding budget for the town court to submit to Paul Feiner, Town Supervisor. Mr. Federici submitted such a proposed budget on November 24, 1993. (Plaintiff's Exhibit QQ). This proposed budget did not eliminate the positions of Court Assistant and Court Attendant.

The Town Board rejected the budget proposed by Mr. Federici on November 30, 1993 and on December 8, 1993 adopted the budget originally submitted by Judge Katz and presented to the Town Board as the tentative budget by Mr. Feiner. (Plaintiffs' 3(g) Statement Par. 8 at 7). As a result of the adoption of the 1994 budget, which eliminated their positions, Plaintiffs Gordon and Martin were terminated as of December 31, 1993.

According to the town budget proposed for 1995, the positions of Court Assistant and Court Attendant were not re-established. (Plaintiffs' Exhibit JJJ).

■ "Legislative immunity protects a legislator from being sued under § 1983 in his or her individual capacity for legitimate legislative acts. *Tenney v. Brandhove*, 341 U.S. 367, 377, 71 S.Ct. 783, 788, 95 L.Ed. 1019 (1951)." *Rini v. Zwirn*, 886 F.Supp. 270, 282 (E.D.N.Y.1995).

■ It is settled law that "job elimination through the budgetary process is a legislative act to which the doctrine of absolute [legislative] immunity is squarely applicable." *Drayton v. Mayor and Council of Rockville*, 699 F.Supp 1155, 1156 (D.Md.1988), *aff'd*, 885 F.2d 864 (4th Cir.1989). *See also, Rini v. Zwirn*, 886 F.Supp. 270, 283 (E.D.N.Y.1995), *Rateree v. Rockett*, 852 F.2d 946, 950 (7th Cir.1988).

■ It has also been clearly established that in order for legislative immunity to attach, the acts complained of must not only be substantively legislative but also procedurally legislative. *Ryan v. Burlington County*, 889 F.2d 1286, 1290–91, (3rd Cir.1989). The court in *Drayton v. Mayor and Council of Rockville* makes it clear that during an immunity analysis, it is the legislative process, and not the underlying reason for the legislative action, that must be examined. *Id.* at 1157. Therefore, in order to determine

whether legislative immunity attaches in this case, a determination must be made as to whether Defendants followed accepted legislative procedure in proposing and adopting the 1994 Greenburgh budget. If proper procedure was in fact followed, Plaintiffs' allegations concerning any purported illegitimate motives behind the budget proposal are absolutely irrelevant. *Id.* at 1156.

■ Plaintiffs argue that in order for legislative immunity to apply, accepted and established legislative procedures must be followed. Plaintiffs claim that there was a deviation from the normal historical practice and procedure utilized in the regular budget process and this deviation strips Defendants of legislative immunity. Plaintiffs have provided nothing to support their claim. While it appears from the submissions that the historical practice utilized when proposing a budget was not followed in 1993, this has no effect whatever on whether or not absolute legislative immunity attaches to the defendants in their individual capacities.

■ In order to defeat absolute legislative immunity Plaintiffs must show that Defendants did not follow legally accepted legislative procedure in the adoption of the 1994 Greenburgh budget. Plaintiffs have failed to make such a showing. A deviation from historical practice is not sufficient to defeat a claim of absolute legislative immunity, so long as the procedures followed are legally correct.

Specifically, Plaintiffs argue that New York's State Town Law § 106 was not complied with, thereby stripping Defendants of absolute legislative immunity. Section 106, in pertinent part, requires that the budget officer, in this case Defendant Feiner, must review a proposed budget, prepare a tentative budget, and present that tentative budget to the town board before the tenth day of November. New York Town Law § 106 (McKinney 1987). Defendant Feiner reviewed proposed budgets from Judges Katz and Klein, prepared a tentative budget, and presented it to the Town Board. It is clear from Plaintiffs' own submissions that § 106 was in fact satisfied. (See, for example, Plaintiffs' 3(g) Statement Par. 8 at 7).

The acts of proposing, voting on, and adopting the 1994 budget which eliminated Plaintiff's jobs, were purely legislative acts to which absolute legislative immunity applies. The budget proposal and its ultimate adoption were both substantively legislative and procedurally legislative.

■ Plaintiffs further contend that Judge Katz's personal problems with Plaintiff Gordon were the underlying reason for the elimination of her position. Plaintiff Gordon bases her First and Fourteenth amendment charges on the allegation that Judge Katz retaliated against her because she spoke out in opposition to the necessity of a full-time town justice. Taking all this as true, absolute legislative immunity still attaches. In *Orange v. County of Suffolk*, 830 F.Supp. 701, 705 (E.D.N.Y.1993), the court held that the loss of a job does not convert a legislative budget cut into an administrative decision. Furthermore, the court held that even though certain defendants had admitted that the plaintiffs' termination "stemmed from political rather than budgetary reasons, the court held that such accusations did not suffice to pierce the shield of absolute legislative immunity." *Id.*

■ Plaintiffs contend that Defendants Feiner and Katz should not be afforded legislative immunity even in the event the court finds the remaining Defendants immune. Plaintiffs argue that as Town Supervisor, Feiner's duties were administrative and that as Town Justice, Judge Katz's duties were also administrative. This argument, however, fails to take into account the "functional analysis" test as set forth in *Orange v. County of Suffolk* and reiterated in *Rini v. Zwirn*, 886 F.Supp. 270 (E.D.N.Y.1995). The functional analysis test provides that whether legislative immunity applies is determined not by the Defendant's position or title, but rather by the function performed. *Orange* at 706 (A County Executive was afforded legislative immunity because "his right to such immunity is not determined by his position in the executive branch, but by the function he performed regarding the operative facts". *Id.*); *See also Rini v. Zwirn*, 886 F.Supp at 283, ("Active participation in the legislative

process entitled an executive to absolute immunity."). Judge Katz's act of proposing the budget and Feiner's act of voting on it are both functionally legislative and protected by absolute legislative immunity.

Plaintiffs base their argument on the misplaced contention that Plaintiffs Gordon and Martin were wrongfully fired. This argument is unconvincing. Judge Katz lacked the power to unilaterally terminate any town employee. Judge Katz only proposed a budget, which was submitted, along with two other proposed budgets, to the Town Board. The Town Board ultimately adopted Judge Katz's budget which eliminated the two positions. The job abolition resulted from a purely legislative act to which immunity attaches.

Summary judgment shall be granted 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' Fed.R.Civ.P. 56(c). '[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.' (citation omitted). While the court must view the inferences to be drawn from the facts in the light most favorable to the party opposing the motion, (citation omitted), a party may not 'rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment.' (citation omitted). The non-moving party may defeat the summary judgment motion by producing sufficient specific facts to establish that there is a genuine issue of material fact for trial. (citation omitted). Finally, 'mere conclusory allegations or denials' in legal memoranda or oral argument are not evidence and cannot by themselves create a genuine issue of material fact where not would otherwise exist. (citation omitted). *Lipton v. The Nature Company*, 71 F.3d 464 (2d Cir.1995).

It has been held that the motivation behind a legislative act is irrelevant. Even if Plaintiffs could convincingly show that the legislative act was fueled by an attempt to strip Plaintiffs of constitutionally guaranteed rights, and that such action created a valid claim that their rights to freedom of speech had been violated, plaintiffs still must fail on summary judgment. Plaintiff Gordon appears to claim that the elimination of her position was at least in part a retaliatory act because she spoke up in opposition to Judge Katz's request for a full-time town justice. Nowhere, however, in Plaintiffs' submissions is there a specific allegation sufficient to rise to the level of establishing the existence of a genuine issue of material fact. Only conclusory allegations, speculation, and conjecture have been provided by Plaintiffs. This is insufficient to support a valid § 1983 claim.

I find that Defendants each acted within the scope of their legitimate legislative duty and in accordance with New York State Town Law in the proposal and adoption of the 1994 budget. Even assuming an illegitimate motive, Defendants are entitled to absolute legislative immunity for their legislative acts. *See Rini v. Zwirn,* 886 F.Supp 270, 283 (E.D.N.Y.1995). All of the federal law-based claims asserted against all Defendants in their individual capacities are barred by the doctrine of absolute legislative immunity.

Defendant's motion for summary judgment is therefore **GRANTED** and the claims against all Defendants in their individual capacities are dismissed.

 In connection with Plaintiffs' attempt to impose liability on Defendants in their official capacities and to impose liability on the Town of Greenburgh under 42 U.S.C. § 1983, such liability cannot rest on a theory of respondeat superior *Drayton,* 699 F.Supp. at 1157, and there is no immunity defense, whether qualified or absolute, available to a municipality, *Orange,* 830 F.Supp. at 706. Rather, there must be a showing of some municipal custom, policy, law, or usage which caused the alleged injury. *see Monell v. Department of Social Services,* 436 U.S. 658, 690–91 98 S.Ct. 2018, 2035–36, 56 L.Ed.2d 611 (1978). Even interpreting the complaint in its broadest sense, Plaintiffs have failed to provide any evidence of a municipal custom,

policy, law, or usage which deprived them of any rights guaranteed to them under the constitution. Accordingly, all federal claims against all Defendants in their respective official capacities and all claims against the Town are dismissed.

■ The issue remains as to whether the Court should exercise jurisdiction over the pendent state claims in this case.

The Supreme Court thoroughly reviewed and discussed pendent jurisdiction in *Carnegie–Mellon University v. Cohill*, 484 U.S. 343, 348–353, 108 S.Ct. 614, 619, 98 L.Ed.2d 720 (1988) and specifically ruled that

> [u]nder [*United Mine Workers v. Gibbs*, 383, U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) ], a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims. When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, (footnote omitted) the federal court should decline to exercise jurisdiction by dismissing the case without prejudice. *Id.*, at 726–727, 86 S.Ct. at 1139. As articulated by *Gibbs,* the doctrine of pendent jurisdiction thus is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values.

*Id.* at 350, 108 S.Ct. at 619.

I have considered the factors set forth above and have elected to exercise the court's discretion to dismiss the pendent state-law claims. In 28 U.S.C. § 1367(c), Congress granted the district courts discretion to decline the exercise of supplemental jurisdiction if the district court has dismissed all claims over which it had original jurisdiction.

## CONCLUSION

In view of the foregoing,

- Defendants' motion for summary judgment is GRANTED;

- All federal claims against Defendants Katz, Feiner, Adler, Pilla, Juettner, Barnes, Weinberg, Sia, in their individual and official capacities, and against the Town of Greenburgh, are dismissed in their entireties as there has been no allegation in the complaint sufficient to support a claim under 42 U.S.C. § 1983;

- Plaintiffs' motion for summary judgment in connection with the pendant state-law claims is rendered moot upon the dismissal of all federal claims and all state-law claim pendent thereupon; and

- The Clerk of the Court is directed to dismiss the complaint its entirety.

SO ORDERED.

Dated: December 15, 1995

White Plains, New York

## MEMORANDUM ORDER

Plaintiffs in the above-captioned action have made a *Motion for Reconsideration* of the Court's December 15, 1995 Memorandum Order granting Defendants' motion for summary judgment and dismissing the complaint.

This action was brought pursuant to 42 U.S.C. § 1983 for alleged deprivation of rights assured to Plaintiffs under the First and Fourteenth Amendments to the Constitution of the United States. There were also pendent state-law claims which alleged violations of the New York State Town Law and the Town Code of the Town of Greenburgh, New York.

The underlying facts, the claims at issue, and the prior proceedings in this action are described in detail in the December 15, 1995 Memorandum Order and familiarity with same is assumed.

Although Plaintiffs do not state the procedural basis for their motion for reconsideration, such motions customarily appear before the Court under Local Rule 3(j). To be entitled to reargument or reconsideration under Local Rule 3(j), the Plaintiffs must demonstrate that the Court overlooked a control-

ling decision or factual matters that were put before the Court on the underlying motion. *Ameritrust Co. Nat'l Assoc. v. Dew,* 151 F.R.D. 237, 238 (S.D.N.Y.1993) (Sweet).

In the Reply Submission, Plaintiffs state:

As far as the Plaintiffs are concerned, the only issue being fundamentally addressed [i]n the Motion for Reconsideration is a matter which was never briefed to the Court and, accordingly was never, ever considered by the Court in the context of proffered arguments by the parties. That issue related to the dismissal of the Defendant Town of Greenburgh, without Motion by the Defendant Town for Summary Judgment, on the *Monell* claim pled by the Plaintiffs in their Amended Complaint.

(Plaintiffs' Reply Submission at 1).

The Supreme Court in *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), held:

We conclude, therefore, that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Id.* at 694, 98 S.Ct. at 2037–38. Plaintiffs claim that the Court ignored that "a *Monell* theory construct exists. . . ." (Plaintiffs' Reply at 3).

The Court did not ignore *Monell,* in fact, the Court cited directly to that case on page 12 of the Memorandum Order. The Court carefully reviewed and searched the record and found that Plaintiffs failed to adequately allege that the Town of Greenburgh or the Greenburgh Town Board had in place a custom, plan, policy, or law which caused the alleged Constitutional deprivations. Plaintiffs also imply that the Court did not consider what Plaintiffs refer to as the "single incident policy construct". (Plaintiffs' Motion for Reconsideration at 13). Although the Court did not specifically refer to the "single incident policy", the Court is aware that in order to adequately allege a custom,

plan or policy, Plaintiffs are not required to allege long-standing practice on the part of the Town of Greenburgh or the Greenburgh Town Board. However, the issue of custom, plan, policy, or law (single-incident or not) was carefully considered by the Court in the December 15, 1995 Memorandum Order and Plaintiffs have furnished nothing to convince the Court that it overlooked a controlling decision or any factual matters that were put before the Court on the underlying motion.

In the Motion for Reconsideration, Plaintiffs merely repeat much of the same factual evidence and legal argument as that contained in their underlying motion papers. This is not the purpose of a Motion for Reconsideration. "Local Rule 3(j) is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court. *See Caleb & Co. v. E.I. DuPont De Nemours & Co.* 624 F.Supp 747, 748 (S.D.N.Y.1985)." *Ameritrust,* 151 F.R.D. at 238.

"The decision to grant or deny a motion for reargument [or reconsideration] is within the sound discretion of the Court. *Chaiken v. VV Publishing Corp.,* 1995 WL 731626 (S.D.N.Y.1995).

Plaintiffs have failed to satisfy the substantive criteria for governing motions of this kind and ultimately present repetitive arguments previously considered by the Court.

Plaintiffs' motion for reconsideration of the Court's December 15, 1995 Memorandum Order lacks substantive merit and accordingly is DENIED.

SO ORDERED.

Dated: January 17th, 1996

White Plains, New York