Charles SMITH, Plaintiff,

v.

CITY OF NEW YORK et alia, Defendants.

No. CV–95–4701 (CPS).

United States District Court, E.D. New York.

Dec. 9, 1996.

**56**

Charles Smith, East Elmhurst, NY, pro se.

## MEMORANDUM AND ORDER

SIFTON, Chief Judge.

Plaintiff Charles Smith brings this action *pro se* pursuant to 42 U.S.C. §§ 1983, 1985 and 1986 against defendants the City of New York, the Department of Corrections of the City of New York, the New York City Police Department, the Manhattan County Department of Justice (the "city defendants"), and the Legal Aid Society of New York ("Legal Aid") alleging a series of constitutional violations arising out of his arrest, incarceration,

and trial for the murder of his wife. In addition, plaintiff asserts several pendent state claims including battery, false arrest, false imprisonment, violation of the right of privacy, intentional infliction of emotional distress, gross negligence against the city defendants, and legal malpractice against Legal Aid.

Legal Aid moves to dismiss all claims against it pursuant to Federal Rule of Civil Procedure 12(b) or (c) or, in the alternative, for summary judgment pursuant to Rule 56(b). The city defendants move to consolidate this action with two prior cases pending before Judge Leisure in the United States District Court for the Southern District of New York. For the reasons set forth below, Legal Aid's motion is granted in part and denied in part. The remaining action is transferred to the Southern District for consideration with CV 95–4159 and CV 95–5438.

## BACKGROUND

The following facts, taken from plaintiff's complaint and answer, are assumed to be true for the purposes of this motion. On January 1, 1995, plaintiff was arrested in Manhattan by New York City police officers as a suspect in his wife's murder. He was held over night in the Washington Heights precinct but does not state where he was subsequently taken.[1]

Plaintiff alleges that the city defendants deprived him of his constitutional rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. He alleges, among other things, that the arresting officers conspired to alter unspecified legal documents in order to effectuate his imprisonment, that his belongings were unconstitutionally searched, and that he was battered by various police officers and coerced into confessing. He further alleges an ongoing pattern of physical brutality and official coverup.

During the subsequent prosecution, plaintiff was represented by Messrs. Cook and

---

1. Presumably, the plaintiff remains in custody.

Bennett of Legal Aid.[2] Plaintiff alleges that his Legal Aid attorneys forced him to sign a confession, refused to assert a mistaken identification defense, failed to move for a speedy trial, failed to obtain an investigator, failed to obtain exculpatory evidence from· eyewitnesses, and received but failed to file a writ of coram nobis which had been drafted by plaintiff.

Plaintiff has also alleged that Judge Andrias of the New York State Supreme Court participated in a conspiracy to deprive plaintiff of his civil rights by ordering Cook and Bennett to remain advisors to his defense team after plaintiff requested that they be removed.

Plaintiff also alleges that the negligent conduct of his Legal Aid attorneys and the state court judges is evidence of their participation in a conspiracy to deprive plaintiff of his constitutional rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments.

### DISCUSSION

Legal Aid moves to dismiss all federal and state claims against it pursuant to Fed. R.Civ.P. 12(b)(6) and 12(c) or, in the alternative, for summary judgment pursuant to Rule 56(b). The city defendants have moved for transfer or and consolidation of this action with the cases pending in the Southern District of New York.

### Legal Aid's Motion to Dismiss

██ The standard applicable to a motion to dismiss for failure to state a claim under Rule 12(b)(6) applies to a motion for judgment on the pleadings under Rule 12(c). *Sheppard v. Beerman,* 18 F.3d 147 (2d Cir.), *cert. denied,* 513 U.S. 816, 115 S.Ct. 73, 130 L.Ed.2d 28 (1994). This Court may dismiss this complaint only if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cohen v. Koenig,* 25 F.3d 1168, 1172 (2d Cir.1994) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)). Moreover, the

court must accept as true all factual allegations presented in the complaint. *Bio–Technology Gen. Corp. v. Genentech, Inc.,* 886 F.Supp. 377, 380 (S.D.N.Y.1995) ("The court's function on a Rule 12(b)(6) motion is not to weigh the evidence · that might be presented at trial but merely to determine whether the complaint itself is legally sufficient") (quoting *Goldman v. Belden,* 754 F.2d 1059, 1067 (2d Cir.1985)).

### Section 1983

██ In order to state a claim under § 1983, plaintiff must assert "(1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of. the United States." *Dwares v. City of New York,* 985 F.2d 94, 98 (2d Cir.1993). Legal Aid correctly notes that the § 1983 claim may not be maintained on a theory that Legal Aid is a state actor. Legal Aid and its attorneys are not state actors when acting as court-appointed attorneys even though they receive state funds. *See Polk County v. Dodson,* 454 U.S. 312, 318–19, 102 S.Ct. 445, 449–50, 70 L.Ed.2d 509 (1981) (public defender does not act under color of law by virtue of function as court-appointed attorney or on basis of employment relationship with state); *Housand v. Heiman,* 594 F.2d 923, 924 (2d Cir.1979) (public defenders or court-appointed attorneys serving traditional functions do not act under color of law); *Lefcourt v. Legal Aid Society,* 445 F.2d 1150, 1155–57 (2d Cir. 1971) (Legal Aid Society is not state actor by virtue of financial or other benefits received from state or based on contract with state to defend indigent persons).

██ Nevertheless, a public defender may be held liable under § 1983 for conspiring with state officials to deprive a plaintiff of a constitutional right. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 163, 90 S.Ct. 1598, 1611–12, 26 L.Ed.2d 142 (1970); *Tower v. Glover,* 467 U.S. 914, 923, 104 S.Ct. 2820, 2826, 81 L.Ed.2d 758 (1984) (allegations that

---

**2.** None of the parties has stated whether the prosecution has been completed or whether the plaintiff stands convicted.

public defender conspired with various state officials, including judges and former Attorney General, to secure plaintiff's conviction were sufficient to state a claim under § 1983). However, a plaintiff must plead more than broad and conclusory allegations in order to survive a motion to dismiss on a conspiracy claim. *See Dwares v. City of New York,* 985 F.2d 94, 99 (2d Cir.1992); *Spear v. Town of West Hartford,* 954 F.2d 63, 68 (2d Cir.), *cert. denied,* 506 U.S. 819, 113 S.Ct. 66, 121 L.Ed.2d 33 (1992); *San Filippo v. U.S. Trust Co. of New York,* 737 F.2d 246, 256 (2d Cir.1984).

■ Notwithstanding the deference normally due a plaintiff proceeding *pro se, Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), plaintiff's *pro forma* allegations that Legal Aid conspired with various city defendants to deprive him of his constitutional rights present no facts that would support an inference of a state-supported conspiracy. He alleges that his Legal Aid attorneys forced him to sign a confession, refused to assert a mistaken identification defense, failed to move for a speedy trial, failed to obtain an investigator, failed to obtain exculpatory evidence from eyewitnesses, and received but failed to file a writ of coram nobis which had been drafted by plaintiff. While these allegations might support a malpractice action against Legal Aid under state law, they fall short of providing an inference that Legal Aid conspired with the city defendants. *See Dwares v. City of New York,* 985 F.2d 94 (2d Cir.1992); *Orange v. County of Suffolk,* 830 F.Supp. 701, 707 (E.D.N.Y.1993).

Accordingly, plaintiff's § 1983 claim fails to state a claim for which relief can be granted and must be dismissed.

### Section 1985(3)

■ Plaintiff also fails to state a claim under § 1985(3). In order to state a claim under § 1985(3) plaintiff must allege (1) a conspiracy, (2) which has as its goal the deprivation, either directly or indirectly, of any person or class of persons of equal protection of the laws or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) an injury to a person, his or her property, or a deprivation of any right of citizenship of the United States. *Mian v. Donaldson, Lufkin & Jenrette Securities Corp.,* 7 F.3d 1085 (2d Cir. 1993). As with a § 1983 conspiracy claim, a constitutional conspiracy claim under § 1985 must be pled with some degree of particularity. As discussed above, however, the complaint lacks facts sufficient to support a conspiracy theory. Moreover, plaintiff fails to plead any facts to support his contention that defendant Legal Aid acted with a racial or class-based discriminatory intent.[3]

Accordingly, plaintiff's § 1985(3) claim is dismissed for failure to state a claim.

### Section 1986

■ Plaintiff also fails to state a claim under § 1986. A cause of action under § 1986 may be brought against anyone who had power to prevent or aid in a wrong actionable under § 1985 and neglected to do so. *Mian,* 7 F.3d 1085 (2d Cir.1993). Here, plaintiff's failure to state a claim under § 1985 is fatal to his § 1986 claim. *Id.*

### Legal Malpractice

■ Plaintiff also alleges malpractice against Legal Aid. Legal Aid argues that this claim must be dismissed because it is a state law claim over which this Court lacks jurisdiction. *See* 28 U.S.C. 1367(c)(3) (a district court "may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction"); *see also United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Legal Aid's argument fails since a party asserting a federal claim against one defendant may assert a related state claim against a different defendant. *Baylis v. Marriott,* 843 F.2d 658, 664 (2d Cir.1988) (citing cases). Legal Aid does not provide any argument why the

---

3. Plaintiff did not allege a race or class based animus in his complaint on the part of Legal Aid. In his other submissions, plaintiff argues that a showing of race or class based animus is not mandatory for a § 1985(3) claim but argues in the alternative that Legal Aid does display such animus generally against "minorities that rely on Legal Aid Society to protect them against illegal search and seizure" when Legal Aid "plays along with the states' practice."

Court lacks pendent party jurisdiction over the state law claim against it.

Nor can this claim be dismissed under Rule 12(b) or 12(c). Under New York law, a complaint must allege (i) the existence of an attorney-client relationship, (ii) that the attorney was negligent, (iii) that the negligence was the proximate cause of the injury sustained, and (iv) actual damages. *Prudential Insurance Co. of America v. Dewey Ballantine*, 170 A.D.2d 108, 114, 573 N.Y.S.2d 981 (1st Dept.1991), *aff'd*, 80 N.Y.2d 377, 590 N.Y.S.2d 831, 605 N.E.2d 318 (1992). As discussed above, the complaint adequately sets forth the required elements of this cause of action and cannot be dismissed for failure to state a claim.

Although Legal Aid has also moved for summary judgement on the plaintiff's claims, it has not produced any evidence with regard to its conduct of the plaintiff's criminal defense. It has instead chosen to rely on a defense of lack of jurisdiction to support dismissal of the state malpractice claim. Because jurisdiction may lie under the pendent party doctrine, Legal Aid's motion to dismiss this claim is denied. All other claims against Legal Aid are dismissed.

### The City Defendants

The city defendants move to transfer this action or consolidate it with *Smith v. Gray (Det. 34th Precinct)*, 95–CV–4159 (PKL), and *Smith v. City of New York*, 95–CV–4159. Fed.R.Civ.P. 42(a) allows consolidation for trial or pretrial purposes "when there are common questions of law or fact to avoid unnecessary costs or delay." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284–85 (2d Cir.), *cert. denied*, 498 U.S. 920, 111 S.Ct. 297, 112 L.Ed.2d 250 (1990).

Although the cases pending in the Southern District allege nearly identical civil rights violations arising out of the same events, a district court may not consolidate an action pending before it with an action pending in another district court. *See Town of Warwick v. New Jersey Dept. of Envt'l Protection*, 647 F.Supp. 1322, 1324 (S.D.N.Y. 1986).

The case may, however, be transferred under 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." 28 U.S.C. § 1404(a). The "broad language" of 28 U.S.C. § 1404(a) allows a court to order transfer of an action *sua sponte. Lead Indus. Ass'n v. Occupational Safety & Health Admin.*, 610 F.2d 70, 79 n. 17 (2d Cir.1979).

A transfer must serve the convenience of the parties and witnesses and promote judicial efficiency. *In re Joint E. & S. Dists. Asbestos Litig.*, 769 F.Supp. 85, 88 (E.D.N.Y. & S.D.N.Y.1991). The possibility of consolidation may also be a significant factor in transferring an action to the district where the other case is pending. *See Continental Grain Co. v. Barge*, 364 U.S. 19, 26, 80 S.Ct. 1470, 1474–75, 4 L.Ed.2d 1540 (1960). Permitting "a situation in which two cases involving … the same issues are simultaneously pending in different district courts leads to a wastefulness of time, energy and money that 1404(a) was designed to prevent." *Id.* Because plaintiff's cases could be consolidated, transfer of the case would be both convenient for the parties and judicially efficient.

The second requirement, that plaintiff could have originally brought this suit in the Southern District, is also satisfied. All of the defendants in this action to recover damages for violations of federal law are located in Manhattan, and all of the events complained of occurred in that borough. Therefore, the Southern District would have had subject matter jurisdiction and personal jurisdiction over plaintiff's claims, and venue would have been proper under 28 U.S.C. § 1391.

Plaintiff claims proper venue lies in the Eastern District because he resides in Queens, New York. However, an examination of the complaint, answer, and papers submitted by this plaintiff in opposition to these motions reveals that this cause of action has no other connection with the Eastern District. Although plaintiff makes sweeping, conclusory statements claiming prejudice in the Southern District and assert-

ing that defendants are "fleeing the law and the process servers" in the Southern District, he provides no factual support for his allegations.

Accordingly this action, including the remaining claim against Legal Aid, will be transferred to the Southern District of New York for consolidation with the cases there pending.

SO ORDERED.